```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   v.<br><br>VERONICA FLOYD,<br><br>          Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 12-1890 (JBS/KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

In this federal student loan default action, Defendant Veronica Floyd (hereinafter, "Defendant") moves to vacate the Default Judgment entered against her on September 5, 2012, pursuant to Federal Rule of Civil Procedure 60(b)(4). [See Docket Item 7.] The Court finds as follows:

1. On March 28, 2012, Plaintiff the United States of America (hereinafter, the "United States") filed a Complaint against Defendant in order to recover allegedly defaulted federal student loans. [See generally Docket Item 1] Shortly thereafter, the United States filed an affidavit of service, reflecting that it served Defendant on April 5, 2012, by leaving a copy of the Complaint at Defendant's residence with her niece, Taylor Watson. [See generally Docket Item 3.] Following Defendant's failure to answer the Complaint, the Clerk of Court entered Default Judgment against her on September 5, 2012 in the

amount of $102,970.78, plus interest and costs.[1]  [See Docket Item 6.]

 2. In the pending motion, Defendant claims that she "obtained a consolidation" of all of her federal student loans in 2013, and believed this consolidation included the loan for which the Clerk of Court entered Default Judgment.  (See Def.'s Br. 2; see also Floyd Aff. at ¶ 3.)  Defendant further alleges that she never received notice or effective service of the Complaint,[2] and instead first learned of the Default Judgment (and presumably the entire litigation) in June 2015, following a title search in connection with her purchase of a new home.  (See Def.'s Br. 2-4; see also Floyd Aff. at ¶¶ 4-5, 7.)  Defendant therefore argues that she should be excused from the Default Judgment pursuant to Federal Rule of Civil Procedure 60(b)(4), on the grounds that the United States rendered ineffective service and pursued the default action by mistake given Defendant's purported loan consolidation.  (See Def.'s Br. at 2-4.)

---

[1] The Clerk of Court entered a Default upon the docket on the same date.

[2] Defendant specifically contends that the United States failed to effectuate proper service, because the person upon whom the United States effectuated service, Defendant's niece, did not reside at her residence at that time.  (See Def.'s Br. at 2-4; see also Floyd Aff. at ¶ 5.)

3. Federal Rule of Civil Procedure 55(c) states, in relevant part, that the Court "may set aside a final default judgment under Rule 60(b)." Federal Rule of Civil Procedure 60(b), in turn, provides that the Court may, on motion and just terms, "relieve a party from a final judgment, order, or proceeding for the following reasons:

1. mistake, inadvertence, surprise, or excusable neglect;
2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4. the judgment is void;
5. the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6. any other reason that justifies relief."

FED. R. CIV. P. 60(b)(1)-(6).[3]

4. In applying this standard to default judgments, the Court of Appeals for the Third Circuit has expressed a preference for disposing of cases on merits, and specifically disfavors default judgments. See Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988). Nevertheless, the decision of whether to vacate the entry of a default judgment

---

[3] Ordinarily, motions to vacate under Rule 60(b), Fed. R. Civ. P., must be filed "no more than a year after the entry of judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). No such time limitation, however, applies to a judgment that is "void" at the outset, as Defendant claims here. See FED. R. CIV. P. 60(b)(4).

ultimately rests within the "sound discretion" of the district court. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951). In exercising this discretion, district courts generally consider: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. U.S. v. $ 55,518.05 in U.S. Currency, 728 F.2d 192, 194-195 (3d Cir. 1984). However, because the entry of default judgment presumes effective service of process, failure to effect proper service warrants, without more, relief from the default judgment. See Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985) (noting that "[a] default judgment entered when there has been no proper service of the complaint is, *a fortiori,* void, and should be set aside").

5. The affidavit of service filed by the United States in this instance reflects that it served Defendant through her niece, Taylor Watson, an individual identified as "M[ale]" and somewhere between the ages of 14 and 20. [Docket Item 3.] (The affidavit's discrepancy between describing Taylor Watson as Defendant's "niece" and describing her as "male" is unexplained.)

6. Rule 4(e)(2)(B), Fed. R. Civ. P., authorizes service upon an individual by "leaving a copy of [the summons and complaint] at the individual's dwelling place or usual place of

4

abode with someone of suitable age and discretion <u>who resides there</u>."  New Jersey Court Rule 4:4-4(a)(1) alternatively authorizes service on a competent individual, at least fourteen years old, who is a member of the household then <u>residing</u> at the defendant's "dwelling place" or "usual place of abode."[4]  These rules, in other words, consistently require that service be made upon an actual resident of the household, rather than simply a visitor.  <u>See</u> <u>Weeks v. Sheppard</u>, No. A-6130-04T3, 2006 WL 709137, at *1 (N.J. Super. Ct. App. Div. Mar. 22, 2006) (finding service upon a visitor ineffective); <u>Berger v. Paterson Veterans Taxi Serv.</u>, 581 A.2d 1344, 1345-47 (N.J. Super. Ct. App. Div. 1990) (same); <u>see</u> <u>also</u> <u>Prudential Ins. Co. of Am. v. Bramlett</u>, No. 08-119, 2009 WL 2634644, at *5 (D.N.J. Aug. 24, 2009) (explaining that the federal service rules require residency)

    7.   Here, Defendant certifies, under penalty of perjury, that her niece did not reside at her residence at the time of service (nor at any other period).  (<u>See</u> Floyd Aff. at ¶ 5.) Rather, she appears to have been <u>only</u> a visitor (<u>see</u> <u>id.</u>), and the affidavit of service provides no indication that Ms. Watson identified herself any differently to the process server.[5]  [<u>See</u>

---

[4] Rule 4(e)(1), Fed. R. Civ. P., permits a plaintiff to alternatively effectuate service "pursuant to the law of the state in which the district court is located."
[5] Nor does the United States' opposition compel any contrary conclusion.  Indeed, the United States' opposition only states, in relevant part, that counsel served Defendant through "a

5

Docket Item 3.] The Court therefore finds the United States' April 5, 2012 service ineffective, and concludes that the September 5, 2012 Default Judgment must be set aside as void pursuant to Rule 60(b)(4), Fed. R. Civ. P.[6]  See <u>Gold Kist, Inc.</u>, 756 F.2d at 19.

    8.   An accompanying Order will be entered, and Defendant shall file her answer with seven (7) days of the entry of this Order.


 <u>September 30, 2015</u>                   <u>s/ Jerome B. Simandle</u>
Date                                  JEROME B. SIMANDLE
                                        Chief U.S. District Judge

---

female, 17 years of age, whom Defendant admits was a relative." (Francisco Cert. at ¶ 10.) Nevertheless, the applicable rules of service require residency, not a familial relationship.
[6] As a result, the Court need not reach Defendant's argument concerning the calculation of the default judgment. (<u>See</u> <u>generally</u> Def.'s Br. at 2.)