```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| UNITED STATES OF AMERICA, | HONORABLE JEROME B. SIMANDLE |
|---|---|
| Plaintiff, | |
| v. | Civil Action<br>No. 12-1890 (JBS/KMW) |
| VERONICA FLOYD, | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE, District Judge:**

This dispute comes before the Court by way of Plaintiff the United States of America's ("United States") unopposed motion for summary judgment. [Docket Item 36.] For the reasons that follow, the Court will grant the motion.

The Court finds as follows:[1]

1. Between 1982 and 1984, Defendant Veronica Floyd ("Defendant") obtained three Stafford Subsidized loans from the U.S. Department of Education to attend Wesley and Mercy College, in the amount of $7,372.00. (United States' Statement of

---

[1] In an unopposed motion for summary judgment, a movant that files a proper Local Civil Rule 56.1 statement of undisputed material facts receives the benefit of the assumption that such facts are admitted for purposes of the summary judgment motion. See L. Civ. R. 56.1 (providing that "any material fact not disputed shall be deemed undisputed for the purposes of the summary judgment motion"). As Defendant's motion for summary judgment is unopposed, the Court considers the Defendants' statement of material facts undisputed for summary judgment purposes. See Fed. R. Civ. Pro. 56(e)(2).

Material Facts Not in Dispute ("Undisputed Material Facts") at ¶ 1.} On April 17, 1998, the three loans were consolidated, creating a single Direct Consolidated Subsidized Loan in the amount of $19,328.00. (Id. at ¶ 2.) Between 1997 and 2000, Defendant took out ten additional loans to attend Rutgers University, in the amount of $37,219.00. (Id. at ¶ 3.) On October 12, 2001, the Direct Consolidated Loan and the ten additional loans were consolidated into two new loans - a Direct Consolidated Subsidized Loan in the amount of $29,033.00 and a Direct Consolidated Unsubsidized Loan in the amount of $33,574.00. (Id. at ¶ 4.) Defendant subsequently defaulted on both loans. (Id. at ¶¶ 10, 18.)

2. On March 28, 2012, the United States filed a Complaint against Defendant for recovery of the defaulted loans under 20 U.S.C. § 1071 and 34 C.F.R. Part 682. [Docket Item 1.] Shortly thereafter, the United States filed an affidavit of service, reflecting that it served Defendant on April 5, 2012, by leaving a copy of the Complaint at Defendant's residence with her niece, Taylor Watson. [Docket Item 3.] Following Defendant's failure to answer the Complaint, the Clerk of Court entered Default Judgment against her on September 5, 2012 in the amount of $102,970.78, plus interest and costs. [Docket Item 6.]

3. On August 28, 2015, Defendant moved to vacate Default Judgment against her on the grounds that she had not been

properly served with the Complaint. [Docket Item 7.] The Court granted Defendant's motion on September 30, 2015, and ordered that Defendant file an Answer within seven days of the Order. [Docket Item 13.] On October 2, 2015, Defendant filed her Answer. [Docket Item 14.] Two months later, Defendant responded to the United States' first set of interrogatories. (Undisputed Material Facts at ¶ 23; see also Exhibit B to Murtha Cert.) On March 1, 2017, the United States served Defendant's counsel with a second set of interrogatories, a request for the production of documents, and a request for admissions. (Undisputed Material Facts at ¶ 24; see also Exhibit C to Murtha Cert.) Defendant's response to these discovery demands was due on March 31, 2017, but the United States never received a response. (Undisputed Material Facts at ¶ 25.)

4. On April 20, 2017, the United States moved for summary judgment under Fed. R. Civ. P. 56(a). [Docket Item 36.] More than seven months have elapsed and Defendant has not filed any response to the United States' motion.

5. Where, as in the instant case, a summary judgment motion is unopposed, the Federal Rules of Civil Procedure still requires the Court to satisfy itself that summary judgment is proper because there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law. Fed R. Civ. P. 56(e)(3); see also Anchorage Assocs. v. Virgin Islands

Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990) (interpreting prior version of Rule 56).

6. Federal Rule of Civil Procedure 56(a) generally provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" such that the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine" dispute of "material" fact exists where a reasonable jury's review of the evidence could result in "a verdict for the non-moving party" or where such fact might otherwise affect the disposition of the litigation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts, however, fail to preclude the entry of summary judgment. Id. Conclusory, self-serving submissions cannot alone withstand a motion for summary judgment. Gonzalez v. Sec'y of Dept. of Homeland Sec., 678 F.3d 254, 263 (3d Cir. 2012) (internal citations omitted).

7. Here, Defendant admitted she "obtained the student loan complained of in Plaintiff's Complaint." (Exhibit B to Murtha Cert.) As Defendant did not timely respond to Plaintiff's requests for admission, she is also deemed to have admitted:[2] (1)

---

[2] Pursuant to Fed. R. Civ. P. 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. Therefore, "[a]ny matter admitted under this rule is conclusively established unless the court on motion

4

the United States is in possession of the promissory note Defendant executed with the Department of Education; (2) the United States disbursed the sums at the subject rate of interest agreed to in the loans; (3) that the United States demanded payment from Defendant; and (4) that Defendant failed to make any payments to bring the loan current. (Exhibit C to Murtha Cert.)

8. As discussed supra, there is no dispute that Defendant "obtained the student loan complained of in Plaintiff's Complaint" and that the United States is the owner and holder of the promissory note executed by Defendant. There is likewise no dispute that Defendant is now in default. Accordingly, the Court

---

permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). An admission under Rule 36 is an "unassailable statement of fact." Langer v. Monarch Life Ins. Co., 966 F.2d 786, 803 (3d Cir. 1992) (quoting Airco Industrial Gases, Inc. v. Teamsters Health & Welfare Pension Fund, 850 F.2d 1028, 1037 (3d Cir. 1988)).

It is well established that admissions under Rule 36 are conclusive and sufficient to support summary judgment. See Langer, 966 F.2d at 803; Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168, 176 n.7 (3d Cir. 1990) (citing Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976), cert. denied, 429 U.S. 1038 (1977)). The Court therefore deems the facts in the United States' Requests for Admissions as true for purposes of summary judgment. See Fed. R. Civ. P. 36; J & J Sports Productions, Inc. v. Gencarelli, 2012 WL 266419, at *2 (D.N.J. Jan. 30, 2012) (granting summary judgment to plaintiff on admitted facts based on defendant's failure to respond to requests for admission).

finds that the United States is entitled to summary judgment as a matter of law.

9. The sum of Defendant's indebtedness was calculated as of August 8, 2011 in the amount of $97,568.86, comprised of principal in the amount of $76,674.67 and interest in the amount of $20,894.09. (Cert. of Christopher Bolander, Loan Analyst, U.S. Dept. of Education (dated April 19, 2017), at ¶ 15.) Interest continued to accrue on the principal sum of $76,674.67 at the rate of $12.87 per day. Id.

10. Interest for the period of six years and 105 days from August 8, 2011 to and including November 21, 2017 at the per diem rate of $12.87 is thus $29,536.65 (consisting of six years at $4,697.55 per annum plus 105 days at $12.97 per diem).

11. Total indebtedness is therefore the sum of principal of $76,674.67, plus interest until August 8, 2011 of $20,894.09, plus interest from August 8, 2011 until November 21, 2017 of $29,536.65, which equals $127,105.41.

12. For the foregoing reasons, summary judgment will be granted in favor of the United States and against Defendant Veronica Floyd in the amount of $127,105.41. An accompanying Order shall be entered.

| | |
|---|---|
| **November 21, 2017** |    **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |